**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2428**

CLARKE VENEERS AND PLYWOOD, INC.,

Plaintiff - Appellant,

v.

MENTAKAB VENEER & PLYWOOD, SDN BHD,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:19-cv-01738-GLR)

Submitted:  July 13, 2020                          Decided:  August 25, 2020

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua W. Stover, Cheri T. Gatlin, BURR & FORMAN, LLP, Jackson, Mississippi; Richard L. Costella, TYDINGS & ROSENBERG, LLP, Baltimore, Maryland, for Appellant.  Michael B. MacWilliams, Emily J. Wilson, VENABLE LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarke Veneers and Plywood, Inc. ("Clarke") appeals the district court's order dismissing its complaint for lack of personal jurisdiction. We affirm the district court's order.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(2). *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). In evaluating a Rule 12(b)(2) motion, if "the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) (emphasis omitted). When deciding whether the "plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Id.* (emphasis omitted).

> [A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 396-97 (4th Cir. 2003) (internal citations omitted). Assuming that Maryland's long-arm statue authorized the exercise of jurisdiction over Mentakab Veneer & Plywood, SDN BHD ("MVP"), we conclude that the district court cannot constitutionally exercise jurisdiction over MVP.

2

In order for a court to constitutionally exercise personal jurisdiction, "a defendant must have sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Consulting Eng'rs. Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (internal quotation marks omitted). In analyzing a defendant's minimum contacts, we consider three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* at 278 (internal quotation marks omitted).

We conclude that the second factor is dispositive in this case. This factor "requires that the defendant's contacts with the forum state form the basis of the suit." *Id.* at 278-79. As the Supreme Court has held, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squib Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (brackets and internal quotation marks omitted). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks omitted).

Clarke's claims all relate to the plywood allegedly being of poor quality, and related fraud claims concerning misrepresentations concerning the quality. The contracts were not negotiated in Maryland, nor did MVP make any misrepresentations in Maryland. Although Clarke is currently storing the plywood in Maryland, the breach occurred before the

3

plywood ever reached Maryland. *See ESAB Grp., Inc v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997) ("Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld."). Moreover, although Clarke asks us to consider post-breach conduct concerning MVP's attempts to find a buyer for the plywood, Clarke's complaint did not raise a claim arising out of this issue. The only allegation in the complaint is that Clarke continues to incur storage costs and that its storage facility is in Maryland; however, this is voluntary conduct on the part of Clarke.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*